UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



ALFREDO VARGAS-NAVA, §
Fed. Reg. No. 48051-280, §
　　　　Movant, §
§
　　　　　　　　　　　　　　　§　　　　EP-11-CV-271-PRM
v.　　　　　　　　　　　　　　§　　　　EP-09-CR-2438-PRM-1
§
UNITED STATES OF AMERICA, §
　　　　Respondent. §

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Alfredo Vargas-Nava's ("Vargas") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [ECF No. 38].[1] In his motion, Vargas challenges his conviction for importing one kilogram or more of heroin. Vargas claims that his counsel provided ineffective assistance, that he unknowingly and involuntarily entered his plea, and that his right to appeal was denied. Upon reviewing the record, the Court finds that Vargas's motion is untimely and that he is not entitled to equitable tolling.[2] Accordingly, the Court will dismiss his motion.[3] The Court will additionally decline to certify his issues for appeal.

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-09-CR-2438-PRM-1.

[2] *Cf. Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) ("[W]e hold that the district court was within its authority under Rule 4 and Rule 11 of the Rules Governing [28 U.S.C.] Section 2254 Cases when it raised the . . . statute of limitations defense *sua sponte*."); *see also United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998) ("Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read in pari materia where the context does not indicate that would be improper.").

[3] *See* 28 U.S.C.A. § 2255 Proc. R. 4(b) (West 2011) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

## FACTUAL AND PROCEDURAL HISTORY

On August 6, 2009, Vargas drove a Honda Accord across the international border with Mexico and entered the Paso Del Norte Port of Entry in El Paso, Texas. A Customs and Border Protection officer noticed that Vargas's hands were shaking as he presented his documents and referred him to a secondary inspection area. Further inspection of the vehicle revealed sixteen taped bundles concealed in the rocker panels. The bundles contained 14.75 kilograms of a brown substance which tested positive for heroin. After being advised of his *Miranda* rights, Vargas explained that a man named Rigo had agreed to pay him five to ten thousand dollars to bring drugs from Ciudad Juárez, Chihuahua, Mexico, to Palo Alto, California. Vargas claimed that he knew the vehicle contained drugs, but that he did not know that he was transporting heroin.

After hearing this evidence, a grand jury sitting in the Western District of Texas, El Paso Division, returned a two-count indictment charging Vargas with importing one kilogram or more of heroin ("count one"), and possessing with the intent to distribute one kilograms or more of heroin ("count two"). Vargas's attorney negotiated a plea agreement with the United States of America ("the Government"). Under its terms, Vargas agreed to plead guilty to count one of the indictment. In exchange, the Government agreed to move to dismiss the remaining count. Vargas appeared with his attorney before a United States Magistrate Judge. Based upon the signed plea agreement and the sworn plea colloquy, the Magistrate Judge found that Vargas's "plea [was] made freely, knowingly, and voluntarily."[4] The Court accepted Vargas's plea, dismissed count two of the indictment, and sentenced Vargas to one hundred fifty-one months' confinement followed by five years' supervised release. Vargas did not appeal.

---

[4] Report and Recommendation of Magistrate Judge 2 [ECF No. 30].

Adhering to the principle that *pro se* pleadings are construed liberally,[5] the Court understands Vargas to raise three grounds for relief. First, he contends that his defense counsel provided constitutionally ineffective assistance when the attorney (1) told Vargas that there was no discovery in the case that he could review, (2) promised Vargas that the Court would only sentence him to six years' confinement, (3) did not show Vargas the plea agreement until he came to the courthouse to enter his plea, (4) did not show Vargas the presentence investigation report before his sentencing, (5) did not advise Vargas of any defenses to the charges brought against him, (6) did not file any motions on behalf of Vargas, and (7) did not meet with Vargas after his sentencing. Second, he maintains that he did not freely and voluntarily enter his plea. Finally, he asserts, without further explanation, that his counsel denied him his right to a direct appeal.

## LEGAL STANDARD

*A.     Section 2255*

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[6] Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[7] Thus, before a court may grant

---

[5] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[6] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

[7] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

relief pursuant to § 2255, the movant must establish that "(1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack."[8]

*B.     Limitations*

Additionally, a § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.[9] A federal prisoner must file his motion within one year from the date on which (1) the judgment became final, (2) the government-created impediment to filing the motion was removed, (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion, or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[10]

*C.     Equitable tolling*

The one-year limitations period is not jurisdictional and is subject to equitable tolling.[11] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[12] It

---

[8] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[9] 28 U.S.C.A. § 2255(f) (West 2011).

[10] *Id.*; *United States v. Brown*, 305 F.3d 304, 306-07 (5th Cir. 2002).

[11] *Cf. Holland v. Florida*, -- U.S. --, --,130 S.Ct. 2549, 2560 (U.S. 2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[12] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

is justified only "in rare and exceptional circumstances."[13] Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[14] Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[15] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[16] Moreover, a movant has the burden of proving that he is entitled to equitable tolling.[17] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[18] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[19]

With these principles in mind, the Court turns to Vargas's motion.

## ANALYSIS

Vargas does not claim that the Government created an impediment to filing his motion or that the Supreme Court recognized a new right made retroactively applicable to cases on collateral

---

[13] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[14] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[15] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[16] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)).

[17] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[18] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[19] *Cousin*, 310 F.3d at 848.

review.[20] Vargas objectively knew or should have known the factual predicates for the claims in his motion well within the limitations period.[21] Thus, Vargas's limitations period began to run when his judgment of conviction became final.[22]

A judgment becomes final when the applicable period for seeking direct review expires.[23] In this case, the Court entered its judgment on March 9, 2010, and Vargas's conviction became final on March 23, 2010, the last day on which he could have appealed to the Fifth Circuit Court of Appeals.[24] Accordingly, Vargas's time period for filing a § 2255 motion within one year after his conviction became final expired on March 23, 2011. Vargas constructively filed his instant motion on June 23, 2011, the day on which he signed and presumably placed it in the prison mail system.[25] Thus, Vargas filed his motion ninety-three days beyond the deadline. It is therefore

---

[20] 28 U.S.C.A. §§ 2255(f)(2)-(3).

[21] Id. § 2255(f)(4); cf. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("First, the time commences when the factual predicate 'could have been discovered through the exercise of due diligence', not when it was actually discovered by a given prisoner. Second, the trigger in [28 U.S.C.] § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance. . . . [F]ederal statutes use objective indicators as triggers. . . . Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit.").

[22] Id. § 2255(f)(1); Dodd v. United States, 545 U.S. 353, 357 (2005).

[23] Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

[24] See FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); see also United States v. Johnson, 457 U.S. 537, 542 n.8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted).

[25] A pro-se prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court. United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (citing Spotville v. Cain, 149 F.3d 374, 378 (5th Cir.1998)).

untimely, and must be denied, unless equitable tolling applies.

Vargas suggests in his motion that not one, but two prior petitions were somehow lost in the mail:

> I deposited a handwritten 2255 motion into the mail, by giving it to prison authorities on or about 2/23/2011, and again a month later with other documents. When my family checked and there was nothing on the docket, they talked to the Clerk, who sent me this form to fill out.[26]

"As a general rule, the 'they lost my mail argument' typically will not succeed, for filing deadlines would become meaningless if a mere affidavit stating that a motion was timely filed, but was evidently lost in the mail, was all that was needed to excuse an untimely filing."[27] In this case, Vargas provides no documentary evidence to support his claim. Thus, the Court cannot consider the timeliness of Vargas's earlier motions because they were never received or filed. Moreover, whatever happened to the earlier § 2255 motions, Vargas did not diligently pursue his claims. Vargas had an adequate opportunity to prepare and file a timely motion prior to the expiration of the one-year limitations period. His conclusory allegation that two prior § 2255 motions were lost does "not amount to extraordinary circumstances warranting equitable tolling."[28] Therefore, the Court finds that Vargas has failed to meet his burden of showing a rare and exceptional circumstance that would entitle him to equitable tolling.[29]

---

[26] Mot. to Vacate 11.

[27] *Johnson v. United States*, 2010 WL 2490694, at *4 (E.D. Wis. June 17. 2010) (quoting *Washington v. Ollison*, 2007 WL 1378013, at *3 n.3 (N.D. Cal. May 9, 2007).

[28] *United States v. Lopez*, 2005 WL 2561501, at *3 (S.D. Tex. Oct. 12, 2005).

[29] *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

Accordingly, the Court concludes that Vargas's motion is time-barred, that he is not entitled to equitable tolling, and that the Court need not address the merits of his claims.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[30] The record in this case is adequate to dispose fully and fairly of Vargas's motion. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[31] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[32] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which certificate of appealability is granted.[33] Although Vargas has not yet filed a notice of appeal, this Court nonetheless must address whether he is

---

[30] *Cf. United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[31] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[32] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[33] 28 U.S.C.A. §2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues).

entitled to a certificate of appealability.[34]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[35] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[36] Here, Vargas's motion to vacate fails because he cannot establish that reasonable jurists could conclude that his motion is not time-barred. Accordingly, Vargas is not entitled to a certificate of appealability.

## CONCLUSION AND ORDERS

For the reasons stated, the Court concludes Vargas is not entitled to § 2255 relief or a certificate of appealability. Accordingly, the Court enters the following orders:

1. Movant Alfredo Vargas-Nava's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [ECF No. 38] is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE.**

2. Movant Alfredo Vargas-Nava is **DENIED a CERTIFICATE OF APPEALABILITY.**

---

[34] *See* 28 U.S.C.A. § 2255 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[35] 28 U.S.C.A. § 2253(c)(2).

[36] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings).

3. All pending motions in this cause, if any, are **DENIED AS MOOT**.

**SO ORDERED.**

**SIGNED** this **30th** day of **June, 2011**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE